# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

RANDY GALE FELT,

Debtor.

Case No. K07-00190-DMD

Chapter 7

**Filed On 10/17/07**

## MEMORANDUM REGARDING OBJECTIONS TO EXEMPTIONS

The debtor filed for Chapter 7 relief on April 20, 2007. He owned an unencumbered forty foot landing craft with two large diesel engines, valued at over $60,000.00. He claimed the landing craft as exempt homestead property in his schedules and statements. He kept the vessel in Ketchikan at the time of the filing. After several lengthy meetings of creditors, the trustee filed objections to the debtor's claim of exempt property. The trustee alleges that the debtor is not entitled to the homestead under Alaska law.

11 U.S.C. § 522(b)(3)(A) provides:

> [S]ubject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place;

This statute requires the court to determine the debtor's domicile for the period of April 20, 2005 to April 20, 2007. I have read the transcripts of the § 341 meetings. Mr. Felt has led a vagabond existence over that period of time. His testimony has been remarkably confusing and inconsistent. He appears to have been domiciled in Washington or Montana over that time period. His contacts with Alaska have not been lengthy, as he was heavily involved with Washington litigation. He slept on his boat when he visited Ketchikan. He slept in cars and vans in Washington. Felt owned real property in Washington. He kept his many personal possessions in Washington. They included a collection of street rods, antique trucks and motorcycles. He moved the personal property to Montana in 2006 from Washington. He sold his vehicles November 1, 2006 through a Montana auction house. He also sold his Washington property in early 2006. He lived with his girlfriend in Montana in 2006 and 2007. He was living with her in Kalispell, Montana at the time of the first § 341 meeting, May 22, 2007. I conclude that Felt was domiciled both in Washington and Montana during the two year period preceding the petition.

The statute requires the court to make a finding as to the debtor's domicile between October 20, 2004 and April 20, 2005. While the debtor may have worked out of Ketchikan on occasion, he kept his extensive personal property collection in Washington during that time period. He kept his personal property with an earlier girlfriend, Carol Eller, at Seabeck, Washington or on his own real estate at Chimakum Bay, Washington. I conclude that the debtor was domiciled in the State of Washington during the period of October 20, 2004 to April 20, 2005.

Because Mr. Felt was not domiciled in Alaska, the trustee's objections to the debtor's claim of exempt property will be sustained.

DATED: October 16, 2007.

BY THE COURT

/s/ Donald MacDonald IV
Donald MacDonald IV
United States Bankruptcy Judge

Serve:   M. Heiser, Esq.
         Debtor
         C. Christianson, Esq.
         L. Compton, Trustee
         U.S. Trustee

10/17/07